Curia, per

O’Neall, J.
The prison bounds bond, of which we have a copy, is conditioned, inter alia, that the debtor “shall also, at the expiration of the notice prescribed under the insolvent debtor’s and prison bounds Acts, respectively, assign and surrender, as far as in his power, the property mentioned in the said schedule.”
This, it will be seen, imposes no obligation to assign to the plaintiff in execution. It leaves the matter free from the letter of the obligation, and unless there be something very imperative, in the law to the contrary, we are not bound to impose a term not necessary to the correct understanding of the bond.
It is very true the 4th section of the prison bounds Act (5 Stat. 78) requires the assignment to be to the plaintiff; but in this bond for the bounds are embraced two ca. sas. by different plaintiffs. How could the words of the Act be complied with in such a case ? It might well be, under such circumstances, that, as the law could not have a literal compliance, the assignment might be made to some one indifferent between them, who would apply the proceeds of the assigned estate properly. But it is unnecessary to resort to this.
It will be remembered that the Legislature extended the prison bounds to the District; that, under the 3d section of the prison *296 bounds Act, a prisoner in execution was only bound to file his schedule on oath; and, having so done, he might remain for life in the bounds, without assigning. Davis vs. Ruff, (1 McM. 1.) Up to this time there was no condition in the bond requiring an assignment at all.
To remedy this, was passed the Act of 1840, “to alter the liability of sheriffs, and for other purposes.” By its 2d section (11 Stat. 121,) it was provided “ that in case any prisoner, in execution on final process, shall neglect or refuse, for the space of ten days, to make an assignment of the estate and effects embraced in his schedule, according to the order of the Judge, clerk, commissioner of special bail, or magistrate, such prisoner shall no longer be entitled to the benefit of the prison rules,” &c.
This introduced the condition found in this bond; and, according to it, the clerk, who acted in this case, had the right to order the assignment to be made as he did order it: for he is invested with a general power, and so far the 2d section of the Act of 1840 modifies the provision in the 4th section of the Act of 1788.
The known accuracy of the clerk, who made the order here., is thus further sustained by the law, which very much escaped the examination of the learned counsel on both sides in this case.
The motion is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JX, concurred.

Motion dismissed.